IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:15-cv-00037

| | |
|---|---|
| JANE DOE | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| MCDONALD'S RESTAURANTS | ) |
| OF NORTH CAROLINA, INC. | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed Anonymously (Doc. No. 2), Defendant's Motion to Dismiss (Doc. No. 8), and Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 14).

**I. BACKGROUND**

Plaintiff filed this Complaint[1] on January 20, 2015 asserting claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, and for Malicious Prosecution, Intentional Infliction of Emotional Distress, N.C. Gen. Stat. § 99D-1, Negligent Infliction of Emotional Distress, and Negligence against Defendant McDonald's Restaurants of North Carolina, Inc. (hereinafter "Defendant" or "McDonald's"). The Complaint alleges that, on January 21, 2012, Plaintiff stopped at a McDonald's in Gastonia, North Carolina. When she attempted to pay for food using a one hundred

---

[1] Unless otherwise noted, the facts in this section are drawn from Plaintiff's Complaint. (Doc. No. 1).

1

dollar bill, an employee told her that it was "not good." When she requested the bill back, the manager took her identifying information and asked her to wait. Soon thereafter, a Gastonia police officer arrived, examined the bill, determined that it was fake, and arrested Plaintiff. Plaintiff was taken to the Gaston County Jail.

The Complaint asserts that Plaintiff is a twenty-six-year-old citizen of Saudi Arabia who was in the United States on a student visa, and that English is not her first language. She is also an observant Muslim who wears a hijab, and believes that removing the hijab in public or in the presence of unrelated males is against her religion. The Complaint alleges that, after she was booked at the Gaston County Jail, Plaintiff was questioned about how long she had been in the country and why she was in North Carolina. She was then asked to remove her jacket, shoes, and her hijab. Plaintiff objected to removing the hijab and asked if it could be removed in a private room away from men. Her request was denied, and she was required to remove the hijab in the presence of male officers. She was also photographed without her hijab, and the picture was placed on the Sherriff's Department website and subsequently reposted on a number of various media websites.

At some point after being photographed, Plaintiff's handcuffs were removed and she was told that she was free to go. The arresting officer subsequently appeared, acknowledged that the bill was not fake, and repeatedly apologized to the Plaintiff. Plaintiff was given a court date of January 23, 2012, but told that she did not need to appear. Plaintiff, who lived in Knoxville, Tennessee at the time, drove to the hearing and appeared anyway. At some point during the day, a prosecutor told her that the case against her was being dismissed, and the two felony charges for possessing and attempting to pass counterfeit currency would be dropped. Since then, Plaintiff

alleges that she has experienced considerable anguish and physical and emotional distress. She also alleges that she has had difficulty re-entering the country due to her arrest record.

## II. DISCUSSION

### A. Motion to Proceed Anonymously and for Protective Order

Contemporaneous with her Complaint, Plaintiff filed a motion asking that she be allowed to proceed in this case anonymously and for a protective order. (Doc. No. 2). Generally, Federal Rule of Civil Procedure 10(a) requires that the "title of the complaint must name all the parties." However, the Fourth Circuit has recognized that "under appropriate circumstances, anonymity may, as a matter of discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Id.* When presented with such a request, courts have "a judicial duty to inquire into the circumstances of particular cases," and must weigh this determination against "the general presumption of openness of judicial proceedings." *Id.* A number of factors are typically considered when making such a determination:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a government or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* The Court has reviewed the Complaint and Plaintiff's motion in light of these factors and finds that this case does not merit this "rare dispensation."

The reasons why Plaintiff seeks to proceed anonymously in this case are somewhat difficult to ascertain from the motion. Her stated reasons for seeking to maintain anonymity are "because

3

of the unique risks that she faces as a result of the proposed online disclosure of her religious beliefs," (*see* Doc. No. 3 at 4), and that "publicizing her name in conjunction with potential worldwide publication of the tenants [sic] of her religion would provide a greater opportunity for individuals who wish to harm her to do so," (*see* Doc. No. 3 at 5). The Court struggles, however, to imagine how the disclosure of one's religious beliefs themselves constitutes a matter that is sensitive and highly personal in nature. Neither the motion nor Plaintiff's affidavit demonstrate that Plaintiff is embarrassed about her religion or its tenets, or that she would experience harm if the public were aware of her religious beliefs.

Instead, the Court takes Plaintiff's assertion to mean that she is embarrassed about *this incident* and wishes not to have her name further associated with it. This is reflected in the affidavit:

> 15. If I am required to identify myself as the person in these websites, I fear that I will be doing to myself what the Defendant caused to happen to me in 2012 and 2013, namely, the publication of harmful images associated with my name.
>
> 16. I wish to remain anonymous because I do not wish to further embarrass and subject myself to ridicule and scorn among my peers and friends.

(Doc. No. 3 at 9). Having reviewed these contentions, the Court finds that the harm Plaintiff seeks to avoid by proceeding anonymously is merely the annoyance and criticism that attends any litigation. The Court takes very seriously the harm alleged by Plaintiff in this case; however, nothing in the Complaint leads the Court to believe that she would experience retaliatory physical or mental harm if she is identified as the Plaintiff. The motion does reference the possibility of "individuals who wish to harm her," but does not assert that there are, in fact, individuals who wish to harm Plaintiff over this incident, or that she has received threats or been the subject of any kind of intimidation. Without more concrete support for these assertions, the Court cannot find that this case poses the type of harm contemplated by the Court of Appeals, or that usually warrants

4

this rare dispensation. The Court also notes that part of the harm alleged in this case is the fact that Plaintiff's image was posted publically; thus the subject matter of this dispute is inherently public rather than "highly personal" in nature.

The Court must also weigh the risk of unfairness to the Defendant by allowing Plaintiff to proceed anonymously. The Court notes that the Complaint alleges discrimination, acts of malice, and intentional infliction of emotional harm on the part of Defendant. Faced with allegations such as these, and where the Plaintiff's credibility and factual knowledge will likely play a key role in the outcome of the case, the Defendant has a powerful interest in knowing the identity of its accuser. Otherwise, "[i]f the Court allowed Plaintiff to proceed as 'Jane Doe,' [Defendant] would be 'required to defend itself publicly while plaintiff could make her accusations from behind a cloak of anonymity.'" *Jane Doe v. N.C. Central Univ.*, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). Put simply, "[i]t is not appropriate for Plaintiff to 'use her privacy interests as a shelter from which she can safely hurl these accusations without subjecting herself to public scrutiny.'" *Id.* (quoting *Doe v. Indiana Black Expo., Inc.*, 923 F. Supp. 137, 142 (S.D. Ind. 1996)). For these reasons, the Court finds that Plaintiff has not made a sufficient showing to overcome "the general presumption of openness of judicial proceedings," *James*, 6 F.3d at 238. Nor has she shown good cause for a protective order. As such, her motion will be denied.

**B. Motion to Amend**

Plaintiff also seeks leave to file an amended complaint to identify herself in the event that her Motion to Proceed Anonymously is denied. (Doc. No. 14). Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course so long as the amendment occurs within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or

5

(f). FED. R. CIV. P. 15(a). Subsequent amendments are permitted "only with the opposing party's written consent or the court's leave." *Id.* The Rule further instructs that "[t]he court should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone is insufficient for denial of a motion to amend. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). As to futility, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

Defendant opposes this request on the grounds of futility. Its central argument is one raised in its motion to dismiss, and based on a line of Tenth Circuit cases which appear to hold that the failure to name a plaintiff in accordance with FRCP 10(a) deprives a court of jurisdiction over that party, "as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n, et al. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *see also W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001); *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483 (D. Colo. 1982). Defendant then notes that the statute of limitations on Plaintiff's claims ran the day after she filed her Complaint; thus, because no case had been commenced before the running of the statute, this case should be dismissed for want of jurisdiction.

But the cases cited by Defendant are easily distinguishable from this one. In *National Commodity*, the Tenth Circuit dismissed the complaint as to a group of unnamed plaintiffs in the case after noting that those plaintiffs had failed altogether to seek the district court's leave to

6

proceed anonymously. 886 F.2d at 1245. As the case was already on appeal, and the plaintiffs had failed to follow the appropriate procedure for proceeding anonymously, those plaintiffs were dismissed from the case. *Id.*; *see also Yocom*, 257 F.3d at 1172-73 (reaching a similar conclusion). And in *Doe v. Department of Justice*, a district court in Colorado simply ruled that an unnamed Plaintiff would not be permitted to proceed anonymously, and instructed him to file a new complaint which named him as the plaintiff if he wanted the case reopened. 93 F.R.D. at 484-85.

The Court finds the cases cited by Plaintiff much more analogous to this case. In *Doe v. Barrow County*, a district court in Georgia noted the ruling of the Tenth Circuit in *Yocom*, and then thoroughly distinguished it based on the fact that it, as the district court, was considering the motion to proceed anonymously before the case went on appeal. 219 F.R.D. 189, 191-92 (N.D. Ga. 2003). Thus, unlike the district court in *Yocom*, which "had lost jurisdiction to entertain the issue," the issue of anonymity was properly before it to resolve. *Id.* That court went on to hold that "a motion to proceed anonymously need not be filed contemporaneously with the complaint in order to vest the district court with jurisdiction" based on its reading of an Eleventh Circuit case. *Id.* at 192 (citing *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001)). Presented with facts similar to ours, a district court in South Carolina noted the Tenth Circuit's ruling in *National Commodity*, and noted also that the Fourth Circuit had yet to rule on the issue. *See CTH1 Caregiver v. Owens*, 2012 WL 2572044, at *4 (D.S.C. July 2, 2012). It then expressly declined to dismiss the case for want of jurisdiction because the plaintiff had been proceeding anonymously. *Id.*

The Court finds both persuasive and instructive the conclusions of the courts in *Barrow County* and *CTH1 Caregiver*. Here, the Plaintiff filed her motion to proceed anonymously contemporaneous with her Complaint, and that motion is properly before the Court. (*See* Doc. No. 2). The Court agrees that Plaintiff thereby substantially complied with FRCP 10(a) and that this

7

Court has jurisdiction over her claims. Thus, allowing Plaintiff to amend her Complaint with her named as the Plaintiff is not "clearly insufficient or frivolous on its face," and she will be allowed to do so.

The Court does note, however, that in her Response to Defendant's motion to dismiss, Plaintiff did not oppose dismissal of her claims for NEID, negligence, N.C. Gen. Stat § 99D-1, and 42 U.S.C. § 2000a "to the extent that this claim sought monetary damages." (*See* Doc. No. 13 at 1-2). The Response then failed to explain why her claim under 42 U.S.C. § 2000a should proceed otherwise; the Court agrees with Defendant that this claim only provides injunctive relief, and that the Complaint only seeks monetary relief. As such, the Court finds that allowing Plaintiff to amend her complaint would be futile to the extent she wishes to assert the above-reference claims. Her amended complaint, then, should not include these claims.

**IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's Motion to Proceed Anonymously and for Protective Order (Doc. No. 2) is **DENIED**.
2. Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 14) is **GRANTED in part**. Plaintiff is granted leave to amend her complaint to include her name; however, her amended complaint should not include the claims discussed in Part II.B. Plaintiff is instructed to file her amended complaint within seven (7) days of the date of this order.
3. Defendant's Motion to Dismiss (Doc. No. 8) is **DENIED as MOOT**.

**SO ORDERED.**

Signed: July 17, 2015

Graham C. Mullen
United States District Judge